O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alvaro Quezada, | CV 04-07532-RSWL(MLGx) |
| Petitioner, | **ORDER re: Respondent's Motion for Review of United States Magistrate Judge's Partial Denial of Respondent's Motion to Depart From Mandate [98]** |
| v. | |
| Al K. Scribner, | |
| Respondent. | |

On October 4, 2011, Respondent Al K. Scribner's ("Respondent") Motion for Review of United States Magistrate Judge's Partial Denial of Respondent's Motion to Depart From Mandate came on for regular calendar before the Court [98].  The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **OVERRULES** Respondent's Motion and **AFFIRMS** the Magistrate Judge's order.

///
///
///

## I. BACKGROUND

This Action stems from a Writ of Habeas Corpus filed by Petitioner Alvaro Quezada ("Petitioner") on September 10, 2004 [1].  This Court originally denied Petitioner's Writ of Habeas Corpus on November 21, 2007.  However, on August 18, 2010, the Ninth Circuit remanded Petitioner's Writ back to this Court and issued a mandate for an evidentiary hearing regarding the admissibility of new evidence pertaining to Petitioner's Brady violation claim [65].  In response, Respondent filed a Motion with Magistrate Judge Marc L. Goldman to stop the hearing and depart from the Ninth Circuit's Mandate pursuant to Supreme Court precedent [92].[1]  Magistrate Judge Goldman, however, issued an Order partially denying Respondent's Motion, finding that Pinholster does not apply to Petitioner's Brady violation claim because the Superior Court did not reject the Brady violation claim on the merits [97].[2]

---

[1]Cullen v. Pinholster, ---- U.S. ----, 131 S. Ct. 1388 (Apr. 4, 2011) and Walker v. Martin, ---- U.S. ----, 131 S. Ct. 1120 (Feb. 23, 2011).

[2]The Supreme Court in Cullen v. Pinholster held that a federal court's review of a state court's habeas corpus decision is "limited to the record that was before the state court that adjudicated the claim on the merits."  131 S. Ct. at 1398.  The Pinholster Court explicitly noted that its holding only applied to habeas corpus claims that "fall within the scope of § 2254(d)," meaning claims adjudicated on the merits of the federal claim in state court proceedings.  Id. at 1400-01.

On September 2, 2011, Respondent filed this present
Motion for Review of the Magistrate's Partial Denial of
Respondent's Motion to Depart from Mandate [98].

## II. LEGAL STANDARD

"When a pretrial matter not dispositive of a
party's claim or defense is referred to a magistrate
judge" and the magistrate judge issues an order stating
the decision, a party may object to the magistrate
judge's order by filing a motion for the district judge
to overrule the magistrate judge.  Fed. R. Civ. Pro.
72(a).  In reviewing the order from the magistrate
judge, "[t]he district judge in the case must consider
timely objections and modify or set aside any part of
the order that is clearly erroneous or contrary to
law."  Fed. R. Civ. Pro. 72(a).

To conclude that a magistrate judge is "clearly
erroneous, the district court must arrive at a
'definite and firm conviction that a mistake has been
committed.'" <u>Folb v. Motion Picture Indus. Pension &
Health Plans</u>, 16 F. Supp. 2d 1164, 1168 (C.D. Cal.
1998)(quoting <u>Federal Sav. & Loan Ins. Corp. v.
Commonwealth Land Title Ins. Co.</u>, 130 F.R.D. 507
(D.D.C. 1990)).

## III. DISCUSSION

The Court finds that the Magistrate Judge did not
clearly err in concluding that the Superior Court
disposed of Petitioner's <u>Brady</u> violation claim solely
on procedural grounds.

1      Upon review, the Court finds that the language of

2 the Superior Court's decision is in accordance with the

3 Magistrate Judge's ruling that the Superior Court did

4 not rule on the merits.  More specifically, the

5 Superior Court was explicit in rejecting Petitioner's

6 <u>Brady</u> violation claim as untimely and hence

7 procedurally barred.  At the beginning of its ruling,

8 the Superior Court stated in pertinent part that:

9           Petitioner contends that he has met a

10           timeliness exception by virtue of recent
            discovery of new evidence. . . . **As discussed**

11           **subsequently**, [Petitioner] fails to
            demonstrate the 'constitutional magnitude'

12           necessary to be granted an exception.

13           **This petition is not timely**."

14 Resp. Mot. at Ex. B. at 22 (emphasis added).

15 The Court finds that this excerpt makes it clear that

16 the Superior Court denied Petitioner's <u>Brady</u> habeas

17 claim as untimely and not within the "constitutional

18 magnitude" exception to timeliness.[3]

19      Respondent argues that the Superior Court's

20 decision should be viewed as containing two alternate

21 rulings, one on procedural grounds and one on the

22 merits.  To support its argument, Respondent highlights

23 various passages that allegedly indicate that the

24

25     [3]The constitutional magnitude exception requires

26 that the "error of constitutional magnitude led to a
trial that was so fundamentally unfair that absent the

27 error no reasonable judge or jury would have convicted
the petitioner."  <u>In re Robbins</u>, 18 Cal. 4th 770, 780

28 (1998).

1   Superior Court made a ruling on the merits.  When read
2   in isolation, the passages highlighted by Respondent
3   may be misinterpreted as an analysis on the merits
4   given that the standard for proof for the
5   "constitutional magnitude" exception to timeliness is
6   similar to a discussion of the merits of a habeas
7   claim.[4]  The Court finds, however, that when read in the
8   context of the Superior Court's decision as a whole,
9   these passages can only be interpreted to be a
10  discussion of the "constitutional magnitude" exception
11  to timeliness.  More specifically, all these passages
12  follow the Superior Court's explicit statement that the
13  "constitutional magnitude" exception will be "discussed
14  subsequently."  Resp. Mot. at Ex. B. at 22

15      In sum, the Court finds that the language of the
16  Superior Court's decision supports the Magistrate
17  Judge's ruling.
18  ///
19  ///
20

21      [4]To prove an error of constitutional magnitude
22  occurred, "the petitioner would have to persuade the
    court that had the excluded evidence been presented, he
23  would have been acquitted or convicted of a lesser
    offense.  As is required when newly discovered evidence
24  is the basis for a habeas corpus petition, the evidence
25  must be such that it would 'undermine the entire
    prosecution case and point unerringly to innocence or
26  reduced culpability.'"  Clark, 5 Cal.4th at 797, n.32
27  (quoting People v. Gonzalez, 51 Cal.3d 1179, 1246
    (1990)).
28

**IV. CONCLUSION**

Accordingly, the Court finds that the Magistrate Judge was not clearly erroneous in deciding that the Superior Court made a ruling solely on procedural grounds and that <u>Pinholster</u> does not apply.  As such, the Court **OVERRULES** Respondent's objections to the Magistrate Judge's order and **AFFIRMS** the Magistrate Judge's order.


DATED: October 13, 2011

**IT IS SO ORDERED.**


                              RONALD S.W. LEW
                    _____
                        **HONORABLE RONALD S.W. LEW**
                    Senior, U.S. District Court Judge