ANDREA SHERIDAN ORDIN, County Counsel
ROGER H. GRANBO, Assistant County Counsel
JONATHAN McCAVERTY, Deputy County Counsel
(SBN 210922) • *jmccaverty@counsel.lacounty.gov*
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1828
Fax: (213) 626-2105

Attorneys for Los Angeles County District Attorney's Office

BRIAN M. POMERANTZ (No. 214264)
Deputy Federal Public Defender
E-mail: Brian_Pomerantz@fd.org
TRACY CASADIO (No. 235557)
Deputy Federal Public Defender
E-mail: Tracy_Casadio@fd.org
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-8859
Fax: (213) 894-1221

Attorneys for Petitioner Alvaro Quezada

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALVARO QUEZADA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>AL K. SCRIBNER,<br><br>　　　　Respondent. | CASE NO. CV 04-7532 RSWL (MLG)<br><br>**STIPULATION FOR PROTECTIVE ORDER FOR DISTRICT ATTORNEY FILES** |

HOA.841375.1

Petitioner ALVARO QUEZADA ("Petitioner"), and the Office of the Los Angeles County District Attorney, (collectively referred to as "DA COR"), through their respective attorneys, hereby stipulate, agree and request that this Court enter the following Protective Order set forth below regarding only the two specific documents referenced in County Counsel's November 4, 2011 privilege log (collectively referred to hereinafter as the "PROTECTED DOCUMENTS"):

1. The attorney for Petitioner issued subpoenas duces tecum dated October 7, 2010 and November 12, 2010.

2. The DA will produce documents, in the Office of the Los Angeles County District Attorney's possession, custody or control, in compliance with the subpoenas duces tecum issued as noted in paragraph 1 above. Specifically, the DA will produce, subject to the Protective Order as set forth below, all documents in its possession, custody or control, responsive to the subpoenas duces tecum.

3. The DA maintains and asserts through this stipulation, that it has a legitimate need to limit access of information on the grounds that disclosure of information in the materials requested would (a) implicate the subjects' rights to privacy, (b) disclose attorney work product, and (c) disclose information protected by the deliberative processes privilege. The DA maintains and asserts that it has a legitimate need to limit access to information about internal decision making for the conduct and course of prosecutions. The DA maintains and asserts that it has a legitimate need to meet its obligations to maintain confidentiality and/or privacy of information as required by statute and judicial decision.

4. Petitioner QUEZADA and the DA have met and conferred pursuant to Local Rule 37-1 and are desirous of resolving the disputes about disclosure and use of information acquired by Petitioner from the Office of the Los Angeles County District Attorney and its personnel.

5. To comply with Petitioner's subpoenas duces tecum expeditiously, to regulate the disclosure and use of information from the DA, and to meet the above

identified needs of DA, the following procedures and limitations shall govern the use, disclosure, distribution or dissemination of the PROTECTED DOCUMENTS.

    a.    The PROTECTED DOCUMENTS shall be used solely in connection with the preparation and trial of this action, Case No. CV 04-7532, or any related appellate proceeding, and not for any other purpose, including any other litigation unless the documents are subject to normal disclosure obligations consistent with *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) and its progeny. This paragraph shall not preclude the Petitioner's attorney of record in this case from indicating, in connection with discovery or a discovery motion in another action, an awareness of responsive documents. In indicating such awareness in any other action, the Petitioner's attorney of record shall not disclose the substance of the Confidential Information.

    b.    The PROTECTED DOCUMENTS, or any portion thereof, may not be disclosed, distributed or disseminated except as provided in subparagraphs (c) and (d).

    c.    The PROTECTED DOCUMENTS shall be treated as confidential by Petitioner and his counsel and shall not be further disclosed, disseminated or otherwise distributed except as provided in this Protective Order unless the documents are subject to normal disclosure obligations consistent with *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) and its progeny, in which case they are excluded from the protections of this Protective Order.

    d.    Unless the documents are subject to normal disclosure obligations consistent with *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) and its progeny, in which case they are excluded from the protections of this Protective Order, The PROTECTED DOCUMENTS, or any portion thereof, may only be disclosed to the following persons:

    (1)    Counsel for Parties only and specifically not to QUEZADA with the exception of any recordings, written or otherwise, of QUEZADA's own statements;

  (2) All members of the Parties' legal teams, including, but not limited to, paralegal, investigative, support, stenographic, clerical and secretarial and related personnel regularly employed by counsel referred to in subparagraph (1) above.

  (3) The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action; and

  (4) Expert witnesses designated by Petitioner's counsel solely for the purpose of this litigation.

 e. Furthermore, each person (except Court personnel) to whom disclosure of the PROTECTED DOCUMENTS, or any portion thereof, is made, with the exception of those identified in subparagraph (d) above, who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided a copy of this Protective Order by the person furnishing him/her such material, and shall agree on the record or in writing that he/she has read the Protective Order, and that he/she understands the provisions of the Protective Order, and that he/she agrees to be bound by the provisions of this Protective Order.  Such person (except Court personnel) also must consent in writing to be subject to the jurisdiction of the United States District Court, Central District of California, with respect to any proceeding relating to enforcement of this Order, including without limitation, any proceeding for contempt.  Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

 f. If the PROTECTED DOCUMENTS, or any portion thereof which were not part of a public filing, are filed with the Court in any form, such filing shall be under seal and shall not become public record without an unsealing order by the Court.

 6. Nothing in paragraph 5 is intended to prevent officials or employees of the County of Los Angeles or other authorized governmental officials from having

1  access to the PROTECTED DOCUMENTS if they would have had access in the
2  normal course of their job duties.  Further, nothing in this Protective Order prevents
3  subsequent defense attorneys representing Petitioner QUEZADA in a re-trial or
4  other post-conviction proceedings from gaining access to the PROTECTED
5  DOCUMENTS to the extent they are otherwise available through ordinary
6  discovery procedures or similar means.  Finally, nothing in this order precludes a
7  witness from disclosing events or activities personal to him or her; that is, a witness
8  can disclose to others information previously given to the County of Los Angeles
9  with respect to what he or she saw, heard or otherwise sensed.

10       7.     The foregoing is without prejudice to the right of the Petitioner
11  QUEZADA and the DA:

12       a.     To apply to the Court for a further protective order relating to
13  confidential material or relating to discovery in this litigation; and

14       b.     To apply to the Court for an order compelling production of documents
15  or modification of this protective order or for any order permitting disclosure of
16  documents or the information contained therein despite the terms of this protective
17  order.

18       c.     Petitioner does not waive any right to assert, inter alia, that the DA does
19  not have a legitimate interest or need to limit access to documents reflecting and/or
20  related to its internal decision making process in Petitioner's case and does not
21  waive his right seeking discovery of these documents.  Petitioner does not waive his
22  rights to seek disclosure of any and all documents in the possession of the DA
23  relating to the District Attorney files for the cases subpoenaed and identified above
24  on any and all applicable grounds, including but not limited to his rights and
25  guarantees afforded under the Fifth, Sixth, Eighth, and Fourteenth Amendments to
26  the United States Constitution.

27       8.     Once the Protective Order issues, the following schedule will take
28  effect, subject to extraordinary circumstances or by mutual agreement of the

1  Petitioner and the DA:

2        a.    Within Three (3) days of the notice to counsel for the DA, of the
3  Court's entry of the Protective Order, the DA will produce all subpoenaed
4  documents including all electronic documents in its custody or control that have not
5  already been provided to Petitioner.

6        b.    The Petitioner shall place a stamp on each PROTECTED
7  DOCUMENT marked "Confidential–Subject to Protective Order" on only the hard
8  (paper) copies of documents printed and used from the electronic disk or obtained
9  via hard copy and used in the course of this litigation.  If through its inadvertence,
10  surprise or neglect, the Petitioner does not label a PROTECTED DOCUMENT as
11  indicated, counsel for Petitioner shall so notify the DA and shall place the phrase
12  "Confidential–subject to Protective Order," on the PROTECTED DOCUMENT.

13      9.    This Protective Order is entered into without prejudice to the right of
14  any party and/or the DA to file any motion for relief from the Court from any
15  restriction hereof or for any other or further restriction on the production, exchange,
16  or use of any documents, testimony, or other information produced, given, or
17  exchanged in the course of discovery in this action.  This Order may be modified,
18  amended, or vacated by further Order of the Court.  The DA will not will not file a
19  motion to quash/modify the subpoenas at issue.

20      11.    This Protective Order shall survive the final determination for this
21  action and shall remain in full force and effect after conclusion of all proceedings
22  herein, and the court shall have continuing jurisdiction to enforce its terms.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**IT IS SO STIPULATED.**

DATED: December 2, 2011      ANDREA SHERIDAN ORDIN
County Counsel

By     */S/ Jonathan McCaverty*
JONATHAN McCAVERTY
Deputy County Counsel

Attorneys for Los Angeles County District Attorney's Custodian of Record

DATED: December 2, 2011      SEAN K. KENNEDY
Federal Public Defender

By     */S/ Brian M. Pomerantz*
BRIAN M. POMERANTZ
Deputy Federal Public Defender

Attorney for Alvaro Quezada

**FOR GOOD CAUSE SHOWN**, and upon stipulation of the parties:

**IT IS SO ORDERED**

DATED: December 5, 2011     By _____
HONORABLE MARC L. GOLDMAN
United States Magistrate Judge