SEAN K. KENNEDY (No. 145632)
Federal Public Defender
E-mail: Sean_Kennedy@fd.org
BRIAN M. POMERANTZ (No. 214264)
Deputy Federal Public Defender
E-mail: Brian_Pomerantz@fd.org
TRACY CASADIO (No. 235557)
Deputy Federal Public Defender
E-mail: Tracy_Casadio@fd.org
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-5375
Facsimile (213) 894-1221

Attorneys for Petitioner
ALVARO QUEZADA

KAMALA D. HARRIS
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
SCOTT A. TARYLE
Supervising Deputy Attorney General
MICHAEL A. KATZ (No. 129887)
Deputy Attorney General
SARAH FARHAT (No. 228179)
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, California 90013
Telephone: (213) 620-6059
Facsimile: (213) 897-6496
Email: DocketingLAAWT@doj.ca.gov

Attorneys for Respondent

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALVARO QUEZADA, | )<br>) |
| Petitioner, | ) CASE NO. CV 04-07532 RSWL (MLG)<br>) |
| v. | )<br>) [~~PROPOSED~~] PROTECTIVE ORDER |
| AL K. SCRIBNER, Warden, | )<br>) |
| Respondent. | )<br>) |

Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), this Court enters the following Protective Order regarding: (1) documents and materials, including declarations, derived from the trial team or trial counsel files that Petitioner Alvaro Quezada provides to Respondent during this habeas action; (2) any related testimony provided at an evidentiary hearing in this matter; and (3) any reference to such documents or testimony in the parties' pleadings submitted to this Court.

1. This Court has ordered the production of select documents from trial counsel's files, which are subject to claims of privilege or protected from disclosure by the attorney work product doctrine. Minute Order, Apr. 3, 1012 (Docket No. 121). Such discovery shall be subject to this Protective Order and shall remain confidential and sealed. To the extent that portions of trial counsel's files have already been or are turned over to Respondent informally in the future, this Protective Order shall also apply to those documents. At the evidentiary hearing in this case, any testimony by Petitioner, Petitioner's experts, trial counsel, or any other trial defense team member, shall be subject to this Protective Order and shall remain confidential and sealed.[1] Petitioner contends that the testimony provided by these witnesses is subject to claims of privilege and/or protected from disclosure by the attorney work product doctrine.[2]

2. All privileged documents and testimony produced to Respondent in this action may be used only for purposes of litigating this habeas corpus proceeding by: (a) Petitioner and the members of his legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to the above-captioned matter by the Office of the Federal Public Defender, and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants, and expert witnesses; and (b) Respondent and the members of his legal team, i.e., lawyers,

---

[1] The parties hereby incorporate by reference paragraph 9, *infra*.

[2] Materials and testimony subject to a privilege and/or subject to the attorney work product doctrine will be referred to collectively hereinafter as "privileged" materials.

1 paralegals, investigators, and support staff, assigned to the above-captioned matter by
2 the California Department of Justice, Attorney General's Office, and persons retained
3 by Respondent's counsel to litigate this matter, including, but not limited to, outside
4 investigators, consultants, and expert witnesses. This Protective Order extends to
5 members of the legal teams and all persons retained by the parties to litigate this
6 matter. All such individuals shall be provided with a copy of this Protective Order.

7     3.    Except for disclosure to the persons and agencies described in
8 Paragraph 2, disclosure of the contents of the documents and testimony and the
9 documents and testimony themselves shall not be made to any other persons or
10 agencies, including, but not limited to, prosecutorial agencies and law enforcement
11 personnel, without the Court's order.

12     4.    Documents and testimony that Petitioner contends are privileged shall
13 be clearly designated as such by labeling the documents or testimony in a manner that
14 does not prevent reading the text of the document.

15     5.    All documents and testimony designated as privileged by Petitioner that
16 are submitted to this Court shall be submitted under seal in a manner reflecting their
17 confidential nature and designed to ensure that the privileged material will not become
18 part of the public record. Any pleading or other papers served on opposing counsel or
19 filed or lodged with the Court that contains or reveals the substantive content of the
20 privileged matter shall be filed under seal, and shall include a separate caption page
21 that includes the following confidentiality notice or its equivalent:

"<u>TO BE FILED UNDER SEAL</u>

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED"

    6.    If privileged documents or documents containing privileged matters are
filed with this Court, they shall be filed with the Clerk of this Court in sealed
envelopes prominently marked with the caption of the case and the foregoing

1 Confidentiality Notice.  The Clerk of the Court is directed to maintain the
2 confidentiality of any documents filed in accordance with the above.  Insofar as
3 reasonably feasible, only confidential portions of the filings shall be under seal; and
4 the parties shall tailor their documents to limit, as much as is practicable, the quantity
5 of material that is to be filed under seal.  When a pleading or document contains only
6 a limited amount of privileged content, a party may file a complete copy under seal
7 and at the same time file on the public record an additional, redacted version of the
8 document, blocking out the limited matter comprising the confidential portions.
9      7.    Petitioner's disclosure of documents from trial counsel's file in this
10 action, and any related testimony by Petitioner or members of Petitioner's trial team at
11 a deposition or evidentiary hearing in this case, does not constitute a waiver of
12 Petitioner's rights under the Fifth and Sixth Amendments to the United States
13 Constitution in the event of any retrial.
14      8.    This order shall continue in effect after the conclusion of the habeas
15 corpus proceedings and specifically shall apply in the event of a retrial of all or any
16 portion of Petitioner's criminal case.  Any modification or vacation of this order shall
17 only be made upon notice to and an opportunity to be heard from both parties.
18 //
19 //
20 //
21
22
23
24
25
26
27
28

9. At this time, the parties have not reached an agreement regarding the protections necessary for in-court testimony regarding privileged matters. In the event that either party decides that such in-court testimony would be relevant to the evidentiary hearing in this case, prior to the relevant witnesses taking the stand, the parties shall meet and confer with the goal of reaching an agreement that may result in the modification of this Protective Order as it relates to such testimony. If agreement cannot be reached, either party may move the Court for modification of this Order.

IT IS SO ORDERED.

Dated: April 30, 2012

MARC L. GOLDMAN
THE HON. MARC L. GOLDMAN
United States District Court Judge

Presented by:

 /S/ Tracy Casadio
TRACY CASADIO
Deputy Federal Public Defender

Counsel for Petitioner
ALVARO QUEZADA

 /S/ Michael A. Katz
MICHAEL A. KATZ
Deputy Attorney General

Counsel for Respondent
AL K. SCRIBNER

5